IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAH A. NADEAU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-12-CV-433-KC |
| | § | |
| ECHOSTAR; ECHOSPHERE L.L.C.; | § | |
| and DISH NETWORK L.L.C., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Defendants' Partial Motion to Dismiss, ECF No. 16. For the reasons set forth below, Defendants' Partial Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

Plaintiff filed her Third Amended Complaint, ECF No. 11, on January 2, 2013. In this pleading, Plaintiff claims that Defendants, her former employers, committed various acts of employment-related discrimination and retaliation against Plaintiff in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Pl.'s Third Am. Compl. ¶¶ 18-36. Plaintiff also brings two "common-law causes of action" against Defendants for injuring Plaintiff through acts of intentional infliction of emotional distress ("IIED") and for negligent supervision of Defendants' employees, who in turn discriminated against Plaintiff. *Id.* ¶¶ 2, 37-40.

As stated in her Third Amended Complaint, all of Plaintiff's claims are closely interrelated with one another. First, Plaintiff's IIED claim is based on the same adverse employment actions that give rise to her claims of discrimination and retaliation under the ADA

and ADEA. *Id.* ¶ 39. That is, Plaintiff claims that "Defendants further intentionally inflicted emotional distress on Plaintiff by taking adverse employment action against her and making up performance issues and alleging work mistakes on the part of Plaintiff which were not true, and sadistically writing Plaintiff up for these matters." *Id.*; *see also id.* ¶¶ 33-34 (alleging that Defendants also violated the ADA and ADEA by these same actions). In Plaintiff's view, these allegations give rise to a claim for IIED. *Id.* ¶ 39-40.

Similarly, Plaintiff's claim for negligent supervision is also connected to her discrimination claims. *See id.* ¶¶ 37-38. That is, Plaintiff's theory of liability is that Defendants "had a duty to apprise themselves of the provisions of the ADA and ADEA, and to adequately train and supervise their managers and supervisors to avoid discriminating against Plaintiff," but nonetheless "allowed their employees to harass and humiliate Plaintiff and to commit acts of age discrimination and disability discrimination against Plaintiff." *Id.* In Plaintiff's view, these allegations give rise to a claim for negligent supervision. *Id.*

On January 23, 2013, Defendants filed the present Partial Motion to Dismiss, ECF No. 16, in which Defendants request this Court to dismiss Plaintiff's claims for IIED and for negligent supervision under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' Partial Motion to Dismiss does not contest the factual or legal sufficiency of Plaintiff's claims for discrimination and retaliation under the ADA and ADEA. Plaintiff did not file a response within the fourteen-day period specified in Local Court Rule CV-7(e) or at any time thereafter.

## II. DISCUSSION

Because Plaintiff has filed no response to Defendants' Partial Motion to Dismiss, the Motion is therefore deemed unopposed pursuant to Local Court Rule CV-7(e). The Court will

nonetheless assess the merits of the Motion to determine whether dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    **A.**    **Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*,

550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.     Intentional Infliction of Emotional Distress

Under Texas law, Plaintiff's claim for common-law IIED must be dismissed because it is duplicative of Plaintiff's other claims for statutory remedies under the ADA and ADEA. *See Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). "[I]ntentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory . . . remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch*, 157 S.W.3d at 816. The tort of IIED's "clear purpose," as the Supreme Court of Texas has stated consistently, is "'to supplement existing forms of recovery by providing a cause of action for egregious conduct' that might otherwise go unremedied." *Hoffman-La Roche*, 144 S.W.3d at 447 (quoting *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). "[T]he tort simply has no application when the [defendant] 'intends to invade some other legally protected interest,' even if emotional distress results." *Id.* (quoting *Standard Fruit*, 985 S.W.2d at 67). Where a statutory claim "provides a remedy for the same emotional damages caused by essentially the same actions, there is no remedial gap . . . and thus no support for the award of damages under the intentional-infliction claim." *See id.* at 450.

Based on these straightforward precedents, federal district courts applying Texas law have consistently held that an IIED claim cannot arise from the same events and injuries that support a claim brought simultaneously by the same plaintiff under the ADA and ADEA. *Williamson v. Am. Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 467 (S.D. Tex. 2010); *Gonnering v. Blue Cross & Blue Shield of Tex.*, 420 F. Supp. 2d 660, 665-66 (W.D. Tex. 2006); *Swafford v. Bank of*

*Am. Corp.*, 401 F. Supp. 2d 761, 764-65 (S.D. Tex. 2005); *Johnson v. Blue Cross/Blue Shield*, 375 F. Supp. 2d 545, 549-50 (N.D. Tex. 2005). Where a common-law IIED claim relies upon "the very same facts cited by Plaintiff in support of his claim under the ADA," the IIED claim is barred as a matter of Texas law. *Gonnering*, 420 F. Supp. 2d at 665-66 (analyzing *Hoffman-La Roche*, 144 S.W.3d at 441).

      Here, Plaintiff's claim for IIED must therefore be dismissed. As stated in Plaintiff's Third Amended Complaint, Plaintiff's IIED claim is based on precisely the same facts as her claims of discrimination and retaliation under the ADA and ADEA. Pl.'s Third Am. Compl. ¶ 39. That is, Plaintiff claims that "Defendants intentionally inflicted emotional distress on Plaintiff not only by failing to take corrective action in response to her having reported the ongoing disability discrimination and age discrimination," but also "by taking adverse employment action against her and making up performance issues and alleging work mistakes on the part of Plaintiff which were not true, and sadistically writing Plaintiff up for these matters." *Id.* In other words, Plaintiff argues that Defendants committed IIED by discriminating against Plaintiff on the basis of age and disability, and then by retaliating against her for taking action to protect her rights to equal treatment. *Id.* These are precisely the activities prohibited by the anti-discrimination and anti-retaliation provisions of the ADA, at 42 U.S.C. § 12203 and § 12112, and the ADEA, at 29 U.S.C. § 623(a) and § 623(d).

      Therefore, because Plaintiff's IIED claim is based on the same allegations as her claims of discrimination and retaliation under the ADA and ADEA, Plaintiff's IIED claim must be dismissed. *See Hoffman-La Roche*, 144 S.W.3d at 447; *Creditwatch*, 157 S.W.3d at 816; *see also Williamson*, 695 F. Supp. 2d at 467; *Gonnering*, 420 F. Supp. 2d at 665-66.

### C. Negligent Supervision

Plaintiff's claim against Defendants for negligent supervision of their employees must likewise be dismissed, because Plaintiff has failed to identify an actionable, common-law tort that Defendants' employees might have committed. In Texas, an employer cannot be held liable for the "negligent hiring, retaining, training, or supervising" of an employee unless the employee committed an actionable, common-law tort. *Garcia v. Allen*, 28 S.W.3d 587, 593 (Tex. App. 2000); *Gonzales v. Willis*, 995 S.W.2d 729, 738-39 (Tex. App. 1999); *see also Williamson*, 695 F. Supp. 2d at 468; *Gonzales v. Fidelity Distribs. Corp.*, No. 3:00-CV-1197, 2003 WL 21266707, at *4 (N.D. Tex. May 30, 2003).

Accordingly, federal district courts applying Texas law consistently dismiss claims of negligent supervision where the wrongdoing allegedly committed by the defendant's employees consists only of employment-related discrimination and retaliation. *See Williamson*, 695 F. Supp. 2d at 468, 471; *Staples v. Caremark, LLC*, No. SA-08-CV-831, 2009 WL 3634079, at *5-6 (W.D. Tex. Oct. 29, 2009); *Udoewa v. Plus4 Credit Union*, No. H-08-3054, 2009 WL 1856055, at *7-8 (S.D. Tex. June 29, 2009); *Johnson*, 375 F. Supp. 2d at 550. Because such acts are not common-law torts, they cannot provide a basis for claims of negligent supervision. *Williamson*, 695 F. Supp. 2d at 468, 471; *Johnson*, 375 F. Supp. 2d at 550.

Here, Plaintiff's claim against Defendants for negligent supervision therefore must be dismissed, because Plaintiff has failed to identify "an independent, actionable common law tort" that Defendants' employees have committed against her. *See Williamson*, 695 F. Supp. 2d at 468, 471. Plaintiff's claim for negligent supervision is based entirely on acts of employment-related discrimination committed by Defendants' employees. *See* Pl.'s Third Am. Compl. ¶ 37-

38. That is, Plaintiff's theory of liability is that Defendants "had a duty to apprise themselves of the provisions of the ADA and ADEA, and to adequately train and supervise their managers and supervisors to avoid discriminating against Plaintiff," but nonetheless "allowed their employees to harass and humiliate Plaintiff and to commit acts of age discrimination and disability discrimination against Plaintiff." *Id.*

Accordingly, whatever Plaintiff's prospects may be in this case for recovery under the ADA and ADEA, the Court must now dismiss Plaintiff's common-law claim for negligent supervision. Because Plaintiff "has no independent common law tort claim pending before this Court, [but] only [her] statutory claims," Plaintiff's claim for negligent supervision cannot succeed. *See Johnson*, 375 F. Supp. 2d at 550; *see also Williamson*, 695 F. Supp. 2d at 468, 471.

### III. CONCLUSION

For the reasons set forth above, the Court **ORDERS** that Defendants' Partial Motion to Dismiss, ECF No. 16, is **GRANTED**.

**SO ORDERED**.

SIGNED this 19th day of April, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE